

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| HEBER VARGAS, Reg. No. 09667-051, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | EP-15-CV-46-FM |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

In a petition for a writ of error coram nobis under 28 U.S.C. § 1651(a),[1] Petitioner Heber

Vargas ("Vargas"), a prisoner at the La Tuna Federal Correctional Institution in Anthony, Texas,

with a projected release date of November 2, 2015,[2] asks the Court to grant him credit for 228

days of time served in confinement before the Court sentenced him in EP-10-CR-1883-FM-1.

After reviewing the record and for the reasons discussed below, the Court will dismiss his

petition for lack of jurisdiction.

## FACTUAL AND PROCEDURAL HISTORY

On July 7, 2010, a grand jury sitting in the Western District of Texas, El Paso Division,

returned a two-count sealed indictment in cause number 3:10-cr-1883-FM-1 charging Vargas

with conspiring to possess cocaine ("count one"), and possessing with the intent to distribute

cocaine ("count two").  On February 16, 2011, a grand jury sitting in the District of New Mexico,

Las Cruces Division, returned a three-count indictment in cause number 2:11-cr-00352-RB-1

charging Vargas with being a felon in possession of a firearm ("count one"), possessing an

---

[1] *See* 28 U.S.C. § 1651(a) (2012) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.").

[2] *See* Federal Bureau of Prisons, Inmate Locator, http://www.bop.gov/inmateloc/ (search "09667-051" in the "Find By Number" form) (last visited Feb. 24, 2015).

unregistered firearm ("count two"), and possessing a firearm without a serial number.

On July 9, 2012, an Alcohol, Tobacco, and Firearms special agent arrested Vargas in El Paso, Texas, on a warrant issued by the District Court in New Mexico. Vargas was returned to New Mexico and appeared for arraignment in Las Cruces on July 12, 2012. The District Court in Texas issued a detainer on July 24, 2012. Vargas pleaded guilty, pursuant to a plea agreement, and, on February 1, 2013, the District Court in New Mexico sentenced him to thirty-seven months' imprisonment.

The United States Marshals Service returned Vargas to Texas where, on May 9, 2013, he pleaded guilty to count one of a superseding indictment in cause number 3:10-cr-1883-FM-1 charging him with conspiring to possess more than five kilograms of cocaine. The District Court in Texas sentenced him to forty-six months' imprisonment on September 20, 2013. In its initial judgment, the Court made no reference to the conviction in New Mexico and said "[t]he beginning date for this sentence is July 9, 2012."[3] In an amended judgment, entered on November 5, 2013, the Court clarified "[t]his sentence is to run concurrent with the sentence to be imposed in 2:11-cr-00352-001 RB in the District of New Mexico."[4] Notably, the Court did not suggest that Vargas should receive credit for time already served against another sentence.

In his petition, Vargas claims the Bureau of Prisons has refused to give him credit for 228 days he served in custody between the date of his arrest on July 9, 2012, and the date of his sentencing on September 20, 2013, in EP-10-CR-1883-FM-1.[5] He asks the Court to adjust his

---

[3] J. 2, *United States v. Vargas*, 3:10-cr-1883-FM-1, ECF No. 131, Sept. 20, 2013.

[4] Am. J. 2, *United States v. Vargas*, 3:10-cr-1883-FM-1, ECF No. 133, Nov. 5, 2013.

[5] *See* 18 U.S.C. § 3585(b) (2012) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . *that has not been credited against another sentence.*") (emphasis added). The Bureau of Prisons presumably credited the 228 days toward the sentence imposed

sentence to a term of thirty-eight months and twenty days in prison.

## LEGAL STANDARD

"The writ of coram nobis is an ancient common-law remedy designed 'to correct errors of fact.'"[6] "[T]he authority to grant a writ of coram nobis is conferred by the All Writs Act, which permits 'courts established by Act of Congress' to issue 'all writs necessary or appropriate in aid of their respective jurisdictions.'"[7] It provides "an 'extraordinary remedy'. . . to a petitioner no longer in custody who seeks to vacate his conviction in circumstances where 'the petitioner can demonstrate that he is suffering civil disabilities as a consequence of the criminal convictions and that the challenged error is of sufficient magnitude to justify the extraordinary relief.'"[8] "The writ will issue only when no other remedy is available and when 'sound reasons exist[ ] for failure to seek appropriate earlier relief.'"[9] A petitioner seeking coram nobis relief must demonstrate (1) there are circumstances compelling the granting of the writ in order to achieve justice, (2) sound reasons exist for the failure to seek appropriate earlier relief, and (3) the petitioner continues to suffer legal consequences from his conviction which may be remedied by granting the writ.[10] "In addition, a petitioner bears the considerable burden of overcoming the

---

by the District Court in New Mexico.

[6] *United States v. Denedo*, 556 U.S. 904, 910 (2009) (quoting *United States v. Morgan*, 346 U.S. 502, 507 (1954)).

[7] *Id. at* 911 (quoting 28 U.S.C. § 1651(a)).

[8] *United States v. Castro*, 26 F.3d 557, 559 (5th Cir. 1994) (citing *United States v. Morgan*, 346 U.S. 502, 511 (1954) and *United States v. Marcello*, 876 F.2d 1147, 1154 (5th Cir. 1989)).

[9] *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998) (quoting *Morgan*, 346 U.S. at 512 (alteration in original)).

[10] *Foont v. United States*, 93 F.3d 76, 78–79 (2nd Cir. 1996).

presumption that previous judicial proceedings were correct."[11]

## ANALYSIS

The first requirement of any person petitioning for a writ of error coram nobis is that he is "no longer in custody."[12]  "[P]ersons still in custody must look to [28 U.S.C.] § 2254 or [28 U.S.C.] § 2255 for relief" and cannot use a writ of error coram nobis "to escape statutory restrictions on those remedies[.]"[13]  Because it is undisputed that Vargas remains in custody serving the sentence imposed by the Court in EP-10-CR-1883-FM-1, the Court lacks jurisdiction to consider the merits of his petition for a writ of error coram nobis.[14]

## CONCLUSION AND ORDERS

Accordingly, the Court finds Vargas is not entitled to the extraordinary remedy of a writ of error coram nobis.  The Court, therefore, enters the following orders:

**IT IS ORDERED** that Vargas's petition for a writ of error coram nobis under 28 U.S.C. § 1651(a) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS ALSO ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED.**

SIGNED this ____25____ day of February 2015.

_____
**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**

---

[11] *Dyer*, 136 F.3d at 422 (citation omitted).

[12] *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996).

[13] *Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000).

[14] *See United States v. Esogbue*, 357 F.3d 532, 534–35 (5th Cir.2004) (recognizing custody status is a factor in whether the court has jurisdiction over a writ of error coram nobis).